

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT C. LADUE | § | |
| | § | |
| Plaintiff, | § | 3-06CV1518-N |
| | § | |
| v. | § | CIVIL ACTION NO.____ |
| | § | |
| LAFRANCE CORPORATION | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant LaFrance Corporation ("LaFrance"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes to this Court an action styled *Robert C. LaDue v. LaFrance Corporation,* Cause No. 366-2629-06, 366th Judicial District Court, Colin County, Texas.

1. Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. First, all parties are diverse. Plaintiff is and was at the time this suit was commenced a Texas resident and citizen. LaFrance is and was at the time this suit was commenced a Pennsylvania corporation with its principal place of business in Pennsylvania. Thus, diversity of citizenship exists between Plaintiff (a citizen of Texas) and LaFrance (a citizen of Pennsylvania).

2. Second, the amount in controversy exceeds the jurisdictional requirements. Although Plaintiff contends that the amount in controversy is less than $75,000, the value of the declaratory relief sought by Plaintiff exceeds that amount. *See Ray Mart, Inc. Stock Building Supply of Texas, LP,* 435 F.Supp.2d 578, 585 (E.D. Tex. 2006) ("When the claim is one for declaratory relief, the amount in controversy is determined by the value of the right to be

952000.01701:986910.01

determined by the value of the right to be protected or the extent of the injury to be prevented.").

3. Plaintiff seeks a declaration that (a) materials given to him during his employment with LaFrance did not constitute proprietary information or trade secrets, (b) he was not a fiduciary of LaFrance, (c) he is not bound by a non-compete agreement, and (d) he is not "encumbered or restricted in any way as to any person or entity he may solicit and that any such impairment would be an unreasonable restraint of trade pursuant to Texas law." Pl. Orig. Pet., p. 4.

4. The value of the declaratory relief sought by Plaintiff far exceeds $75,000. The declarations Plaintiff seeks, if granted, would enable him to solicit all of LaFrance's customers with impunity. LaFrance's sales to the customers in LaDue's territory exceeded $2 million in 2005 and $1.3 million for the first seven months of 2006. Thus, the value that Plaintiff seeks (i.e., the right to solicit these customers at-will) exceeds $75,000. The amount in controversy requirement is met.

5. Copies of all process, pleadings, and orders served upon LaFrance, as well as the state court docket sheet, are attached pursuant to 28 U.S.C. § 1446(a). Included in Exhibit "A" are all other materials required to be filed by Northern District Local Rule 81.1.

6. This notice of removal is being filed within 30 days of LaFrance's receipt of Plaintiff's Original Petition.

WHEREFORE, Defendant LaFrance Corporation hereby removes the above-styled cause to this Court.

Case 3:06-cv-01518   Document 1   Filed 08/22/2006   Page 3 of 15

Respectfully submitted,

/s/ Robert J. Wood, Jr.
Robert J. Wood, Jr.
Texas State Bar. No. 00788712
James W. Holbrook, III
Texas State Bar. No. 24032426
HUGHES LUCE LLP
1717 Main Street
Suite 2800
Dallas, TX 75201
(214) 939-5544 (Office)
(214) 939-6100 (Facsimile)

and

Richard S. Meyer (*application for admission to be submitted*)
Donald D. Gamburg (*application for admission to be submitted*)
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500 (Office)
(215) 569-5699 (Telecopy)

Attorneys for Defendant
LaFrance Corporation

## CERTIFICATE OF SERVICE

     The undersigned certifies that a true and correct copy of the foregoing was served on Jeremy F. Rosenthal, The Law Offices of Jeremy F. Rosenthal, 207 E. Virginia St., Suite 210, McKinney, Texas 75069, by hand delivery on this 22nd day of August, 2006.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT C. LADUE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| LAFRANCE CORPORATION | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

**Document**                           **Date Filed**
Petition                               August 21, 2006



C I V I L   D O C K E T

| Number Of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|---|
| 366-02629-06 | ROBERT C LADUE | JEREMY ROSENTHAL<br>207 E VIRGINIA STREET<br>SUITE 210<br>MCKINNEY, TX 75069  214-385-8529  F: 214-592-0095 | OTHER CIVIL CASES<br>Plaintiff |
| DATE OF FILING<br>Month\|Day\|Year<br>08 \| 21 \| 06 | VS.<br>LAFRANCE CORPORATION | | Defendant |
| Jury Fee:<br>Paid by: | | | |
| DATE OF ORDERS<br>Month\|Day\|Year | ORDERS OF COURT | PROCESS | |

NO. 366-2629-06

| | | |
|---|---|---|
| **ROBERT C. LADUE** <br> **Plaintiff,** | § § § | IN THE DISTRICT COURT |
| **V.** | § § § | 366 JUDICIAL DISTRICT |
| **LAFRANCE CORPORATION** <br> **Defendant.** | § § § | OF COLLIN COUNTY, TEXAS |

## ORIGINAL PETITION
## FOR DECLARATORY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Robert C. LaDue, Plaintiff herein, filing this Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

A.      Plaintiff, Robert C. LaDue brings this action individually. Plaintiff resides in Collin County, Texas.

B.      Defendant LaFrance Corporation, a Nonresident Corporation, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at One LaFrance Way, Concordville, Pennsylvania

06 AUG 21 AM 3: 05

19331. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### III. JURISDICTION AND VENUE

A.   The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff seeks only declaratory relief and in any event the amount in controversy is below $74,999.99.

B.   This court has jurisdiction over Defendant LaFrance Corporation, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over LaFrance Corporation will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that Defendant LaFrance Corporation had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant LaFrance Corporation to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Furthermore, Plaintiff would show that Defendant LaFrance Corporation engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant recruits or has recruited Texas residents for employment inside or outside this state.

C.   Venue in Collin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

A.  Robert C. LaDue ("LaDue") was an employee of the LaFrance Corporation ("LaFrance") beginning in 1989 and ending with his resignation on August 15, 2006. LaFrance by and through its divisions (insofar as this case is concerned) are wholesale suppliers of advertising specialties to car dealerships. Essentially, LaFrance independently manufactures or purchases promotional items such as key chains and license-plate frames from other manufactures, and in turn, sells these items to car dealerships. With respect to Mr. LaDue's job, LaFrance's business is no more complex than being a common "middle-man" of advertising specialties. Because of the simple nature of this business practice, LaFrance simply has no proprietary information or trade secrets with respect to sales and distribution.

B.  Mr. LaDue was employed as a regional sales representative for LaFrance in Texas and would office from his home in Collin County, Texas. LaDue worked with the Benmatt division of LaFrance and would deal with car dealerships in Collin County, in Texas, and in the region. LaDue would solicit the appropriate purchasers at dealerships to discuss, negotiate, and attempt to sell them promotional items. LaDue had no connection with the manufacturing divisions of LaFrance. At no time did LaFrance or Mr. LaDue engage in any practice, technique that was proprietary in nature, nor was Mr. LaDue ever privy to any information that could be regarded as trade-secrets. Further, no employment contract existed between the parties such that LaDue was at all times an "at-will" employee. No written agreement supported by independent and/or ancillary consideration exists between the parties such that LaDue cannot be impaired or encumbered in any way with respect to his ability to contact or solicit any potential customer – whether a presently a buyer of LaFrance or not.

C. Upon Mr. LaDue's resignation on August 15, 2006, LaFrance made several allegations and/or demands of LaDue. Those demands included in relevant part; (1) written assurance that LaDue will not solicit LaFrance's existing customers; and (2) that LaDue was not entitled to keep copies of customer and prospective customer information. Further, LaFrance made veiled threats and/or allegations including but not limited to; (1) that LaDue's knowledge of products supplied to customers, prices customers pay, and other "similar information" constituted trade secrets and proprietary information; and (2) that LaDue breached "duties" and "Obligations" they insist that he owed to LaFrance, regardless of LaDue's at-will status, because they allege he was diverting business.

## V. RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiff therefore requests that declaratory judgment be entered as follows:

    A. Declaration that LaDue was at all times an "at will" employee of LaFrance and not bound by any valid contract supported by consideration according to Texas law.

    B. Declaration that LaDue was never bound by any non-compete agreement in compliance with TEX.BUS.COM.C. § 15.50 or any other common law provision or relevant portion of the Business and Commerce Code. Further Plaintiff requests this Court declare that Plaintiff LaDue not be encumbered or restricted in any way as to any person or entity he may solicit and that any such impairment would be an unreasonable restraint of trade pursuant to Texas law.

    C. Declaration that information, products, tactics, or strategies of any kind employed by LaFrance and conveyed to LaDue, or customers of LaFrance, whether tangible or intangible, did not constitute proprietary information or trade secrets as defined by Texas law.

      D.     Declaration that at no time during LaDue's employment with LaFrance did a fiduciary relationship arise as between the parties as defined by Texas law and that LaDue did not owe any heightened duty to LaFrance above and beyond what would customarily be required of "at will" employees.

## VI. ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiff be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

      Respectfully submitted,

By: _____
Jeremy F. Rosenthal
Texas Bar No. 24029807
The Law Offices of Jeremy F. Rosenthal
207 E. Virginia St., Ste. 210
McKinney, Texas 75069
Tel. (214)724-7065
Fax. (214)592-0095
Attorney for Plaintiff
Robert C. LaDue



United States District Court
Northern District of Texas

3-06CV1518-N

**Supplemental Civil Cover Sheet For Cases Removed
From State Court**

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 366th Judicial District Court, Collin County, Texas | 366-2629-06 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Robert C. Ladue (Plaintiff) | Jeremy F. Rosenthal<br>State Bar. No. 24029807<br>The Law Office of Jeremy F. Rosenthal<br>207 E. Virginia Street<br>Suite 210<br>McKinney, Texas 75069<br>214.724.7065 |
   | Lafrance Corporation (Defendant) | Robert J. Wood<br>State Bar No. 00788712<br>James W. Holbrook, III<br>State Bar No. 24032426<br>HUGHES & LUCE LLP<br>1717 Main Street, Suite 2800<br>Dallas, Texas 75201<br>214. 939.5500<br><br>and |

                                            Richard S. Meyer
                                            (application for admission to
                                            be submitted)
                                            Donald D. Gamburg
                                            (application for admission to
                                            be submitted)
                                            BLANK ROME LLP
                                            One Logan Square
                                            Philadelphia, PA 19103-6998
                                            215.569.5500

3. **Jury Demand:**

    Was a Jury Demand made in State Court?      ☐ Yes    ☒ No

        If "*Yes*," by which party and on what date?

        _____                              _____
        Party                                                                   Date

4. **Answer:**

    Was an Answer made in State Court?           ☐ Yes    ☒ No

        If "*Yes*," by which party and on what date?

        _____                              _____
        Party                                                                   Date

5. **Unserved Parties:**

    The following parties have not been served at the time this case was removed:

        **Party**                                              **Reason(s) for No Service**

        None at this time.

6. **Nonsuited, Dismissed or Terminated Parties:**

    Please indicate any changes from the style on the State Court papers and the reason for that change:

        **Party**                                                  **Reason**

        N/A

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Plaintiff | Plaintiff seeks a declaratory judgment that Defendant did not give him trade secrets and that Plaintiff was not a fiduciary of Defendant. |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT C LAUER

**DEFENDANTS**
LAFRANCE CORPORATION

3-06CV1518-N

(b) County of Residence of First Listed Plaintiff  COLLIN
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U S PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
JEREMY F ROSENTHAL
The Law Offices of Jeremy F Rosenthal
207 E. Virginia Street, Suite 210, McKinney, TX 75069
(214) 724-7065

Attorneys (If Known)
ROBERT J WOOD, JR
JAMES W HOLBROOK, III
Hughes & Luce, LLP
1717 Main, Street, Suite 2800, Dallas, TX 75201
(214) 939-5500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U S Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405)(g) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Emp. Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities- Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities- Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1332, 1446
Brief description of cause
Removal of lawsuit in which Plaintiff seeks declaratory judgment that, inter alia, he was not given trade secrets by Defendant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P. 23

**DEMAND $** Declaratory relief plus attorney's fees and costs

CHECK YES only if demanded in complaint.
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE 08/22/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

952000.01701.986822.01