IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERT C. LADUE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4-06-CV-00350-RAS** |
| | § | |
| **LAFRANCE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S MOTION TO COMPEL DISCOVERY
### AND FOR SANCTIONS AND BRIEF IN SUPPORT

Defendant LaFrance Corporation files this Motion to Compel Discovery and for

Sanctions and Brief in Support, and states:

1.      On September 1, 2006, this Court entered an order requiring Plaintiff, by

September 13, 2006, to "have in the hands of attorney for LaFrance, Robert Wood, all

documents responsive to LaFrance's Requests for Production of Documents." *See* Ex. "A." A

true and correct copy of the requests for production is attached as Ex. "B."

2.      The requests for production seek the following documents:

1.      All documents related to your resignation from employment with
LaFrance.

2.      All documents you created, reviewed or received, including any and all
correspondence, e-mail, employment agreements and indemnification agreements,
relating to your potential or actual affiliation or employment with any competitor
of LaFrance, including PALS, for the period January 2000 to the present.

3.      All documents related in any way to your creation of or involvement with,
connection with, employment by, affiliation with, or activities on behalf of PALS
or any other business that competes with LaFrance for the period January 2000 to
the present.

017007.00010:991525.01

4.      All documents submitted to or received from any customers or prospective customers related to your connection, affiliation, or employment with PALS, including all descriptions of services.

5.      All documents referring or relating to the sales, marketing and/or any other business plans of PALS, including your involvement or role therein.

6.      All documents relating to LaFrance that you shared with PALS.

7.      All documents which reflect the business activities you conducted on behalf of yourself or PALS from January 2000 to the present, including all calendars, personal notebooks, diaries, notepads, and notations, whether in written or electronic form, and any other documents recording the appointments and meetings you attended, communications you made, and activities in which you engaged.

8.      All documents evidencing any and all current and prospective customer contacts or communications you made on behalf of yourself or PALS from January 2000 to the present.

9.      All documents referring or relating to the projected or actual sales by you or PALS within Texas or Oklahoma.

10.     Any and all documents referring to, relating to, or reflecting the customers you, directly or through others, have solicited or sold to, or will solicit or sell to, on behalf of yourself or any business other than LaFrance since January 2000.

11.     All contracts, invoices, purchase orders, pricing agreements or other agreements,  that you or someone on your behalf have entered into with, and/or proposed to, any customer on behalf of yourself or any business other than LaFrance since January 2000.

12.     All documents referring or relating to any contact you, or anyone on your behalf or on PALS's behalf, have had with LaFrance's current, former or prospective customers, for the period since your resignation of employment from LaFrance to the present.

13.     All documents referring or relating to the laptop computer issued to you by LaFrance, including, but not limited to, requests for backup tapes and invoices for repairs.

14.     All documents you may introduce at the preliminary injunction hearing in this matter.

*Id.*

**DEFENDANT'S MOTION TO COMPEL DISCOVERY – Page 2**

3.      Plaintiff did not comply with the Court's order, nor did he file with the Court any motion seeking relief from complying with the order. Instead, Plaintiff served Defendant with objections to the requests for production. *See* Ex. "C." On 13 of the 14 requests for production, Plaintiff's sole basis for objecting is his Fifth Amendment right against self-incrimination.

4.      However, the Court's order was clear: Plaintiff was to produce documents on Defendant, not serve objections. For the record, this is the second known instance of Plaintiff failing to comply with an order of this Court (the first time being Plaintiff's failure to comply with Sections 2(a) and 2(b) of the Temporary Restraining Order). *See* Ex. "D."

5.      Plaintiff's assertion of his Fifth Amendment privilege is based on the theoretical possibility that he may someday be criminally prosecuted for violating the Computer Fraud and Abuse Act ("CFAA") (even though no indictment has been filed or threatened). *See* Ex. "E," p. 2. The Court has previously held, on a limited basis pertaining to the CFAA, that the possibility Plaintiff will be criminally prosecuted under that Act exists and that therefore production of his personal computer may be "testimonial" and subject to the Fifth Amendment. *See* Ex. "F," p. 6.

6.      The requests for production of documents with respect to which Plaintiff has asserted his Fifth Amendment privilege do not involve any potential incrimination under the CFAA. As the Court can see (by reviewing the requests above), the requests are not specific to Plaintiff's computers, and they seek documents pertinent to claims asserted by Defendant independent of the CFAA. Even if some of the documents sought by Defendant did pertain to Plaintiff's computers, Plaintiff should have produced the ones that do not.

7.      Blanket assertions of the Fifth Amendment privilege are viewed by the courts with extreme disfavor. United States v. Goodwin, 625 F.2d 693, 701 (5th Cir. 1980); United States v. Moreno, 536 F.2d 1042, 1049 (5th Cir. 1976).

DEFENDANT'S MOTION TO COMPEL DISCOVERY – Page 3

8.     Pursuant to Fed. R. Civ. P. 37, Defendant moves the Court for an order compelling Defendant to immediately produce documents responsive to Defendant's requests for production. Further, Defendant requests that Plaintiff be sanctioned for not complying with the Court's order. At the very least, Plaintiff should be required to reimburse Defendant for its attorney's fees and costs incurred in preparing and arguing this motion. In addition, the Court should consider imposing a more severe sanction—to impress upon Plaintiff the importance of complying with this Court's orders. As the Court will recall, during the hearing on Defendant's motion for contempt, Defendant's attorney expressed his concern that if the Court failed to punish Plaintiff, the likelihood that he would ignore other orders of the Court would be enhanced. Defendant's attorney was prescient. The Court should not tolerate parties ignoring its orders.

WHEREFORE, Defendant LaFrance Corporation prays that this motion be granted, and for all further relief to which it may be entitled.

Respectfully submitted,

/s Robert J. Wood, Jr.
Robert J. Wood, Jr.
Texas State Bar. No. 00788712
James W. Holbrook, III
Texas State Bar. No. 24032426
HUGHES LUCE LLP
1717 Main Street
Suite 2800
Dallas, TX 75201
(214) 939-5544 (Office)
(214) 939-6100 (Facsimile)
woodr@hughesluce.com
holbroj@hughesluce.com

017007.00010:991525.01

and

Richard S. Meyer (*application for admission to be submitted*)
Donald D. Gamburg (*application for admission to be submitted*)
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500 (Office)
(215) 569-5699 (Telecopy)

ATTORNEYS FOR DEFENDANT
LAFRANCE CORPORATION

## CERTIFICATE OF CONFERENCE

On September 14, 2006, I spoke with Plaintiff's attorney, Dan Martens, and he is opposed to this motion. Because agreement could not be reached, the motion is being presented to the Court for determination.

/s Robert J. Wood, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that, on September 14, 2006, I caused the foregoing document to be served via the Court's ECF system upon the following counsel of record for Plaintiff:

Dan E. Martens
The Law Office of Dan E. Martens
4949 Hedgcoxe Road, Suite 290
Plano, TX 75024

/s Robert J. Wood, Jr.