IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT C. LADUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-350 |
| | § | |
| LAFRANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART LAFRANCE CORPORATION'S APPLICATION FOR
ATTORNEYS' FEES ASSOCIATED WITH MOTION FOR CONTEMPT**

Pending before the court is LaFrance Corporation's application for attorneys' fees associated with motion for contempt (docket entry #54). Having considered LaFrance's application for attorneys' fees and LaDue's response thereto (docket entry #56), the court finds that the application for attorneys' fees should be granted in part.

**ATTORNEYS' FEES**

On August 29, 2006, the court entered a temporary restraining order against LaDue. On September 1, 2006, LaFrance filed a motion for contempt against LaDue. In its motion, LaFrance alleged that LaDue had violated certain conditions contained within the temporary restraining order. After conducting a teleconference on LaFrance's motion for contempt on September 5, 2006,[1] the court entered an order granting LaFrance's motion for contempt to the extent the motion sought the recovery of attorneys' fees and expert's fees and costs. The court ordered LaFrance to provide the

---

[1] During the September 5, 2006 teleconference, the court entertained LaDue's "Motion to Modify Temporary Restraining Order and Appoint Special Master and Memorandum of Law in Support Thereof" as well.

court with an itemization of its attorneys' fees and costs which LaFrance had expended in the prosecution of its motion for contempt as well as the fees and costs which had been charged to LaFrance by its computer expert for his attendance at the office of LaFrance's counsel on September 1, 2006. LaFrance complied with the court's orders by filing its application for attorneys' fees. LaDue timely filed his response to LaFrance's application for attorneys' fees. In his response, LaDue argues that LaFrance's application for attorneys' fees is not reasonable because (1) the stated hourly rates are excessive, and (2) the number of hours expended involve a duplication of effort.

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

    **A.**    **LODESTAR**

        ***1.***    ***Hours Expended***

LaFrance seeks $4,019.50 in attorneys' fees for 10.3 hours expended. The hours expended are divided as follows:

    Richard S. Meyer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.0 hours

    Donald D. Gamburg . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3.1 hours

    Robert J. Wood. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.0 hours

    James Holbrook . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.4 hours

    Julie Fairchild (paralegal) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .0.8 hours.

LaDue argues that the hours expended are excessive due to a duplication of effort. For the reasons stated below, the court agrees with LaDue.

According to Mr. Meyer's affidavit, which is attached to LaFrance's application for attorneys' fees, Mr. Meyer expended three hours on the motion for contempt. Mr. Meyer drafted and revised the motion for contempt. Decl. of Richard Meyer, p. 2, ¶ 5. Additionally, Mr. Meyer conducted research on the Fifth Amendment. Decl. of Richard Meyer, Exh. 1, p. 2. Mr. Gamburg spent 3.1 hours drafting, revising and researching issues related to the motion for contempt. Decl. of Richard Meyer, p. 2, ¶ 5. Messrs. Meyer and Gamburg are attorneys with Blank Rome LLP and serve as lead counsel in this case.

According to Mr. Wood's affidavit, which is also attached to LaFrance's application for attorneys' fees, Mr. Wood expended three hours drafting and revising the motion for contempt, arranging for the motion for contempt to be filed, arranging for a telephone conference on the motion for contempt and participating in the teleconference. Aff. of Robert J. Wood, Jr., p. 2, ¶ 4. Mr.

Holbrook spent .4 hours researching and analyzing the issues related to the motion for contempt as well as participating in a work session with Mr. Wood about the same. Aff. of Robert J. Wood, Jr., p. 2, ¶ 5; Exh. 1. Ms. Fairchild spent .8 hours conferring with Mr. Wood and filing the motion for contempt. Aff. of Robert J. Wood, Jr., p. 2, ¶ 6. Messrs. Wood and Holbrook are attorneys with Hughes & Luce LLP and serve as local counsel in this case.

It appears to the court from the similar wording in their affidavits that local counsel and lead counsel, in some aspects, duplicated each others efforts. The teleconference on the motion for contempt lasted 46 minutes. Accordingly, Mr. Wood spent 2 hours and 14 minutes drafting and revising the motion for contempt, arranging for the motion for contempt to be filed (for which Ms. Fairchild billed as well) and arranging for a telephone conference on the motion for contempt. Since the motion for contempt was also drafted and revised by lead counsel, the court finds that a more reasonable expenditure of time for Mr. Woods is 1.5 hours. The court concludes that the remaining hours represent a reasonable expenditure of time.

### 2.   *Prevailing Hourly Rate*

Based on affidavits submitted to the court, the attorneys and paralegal seek to be compensated at the following hourly rates:

    Richard S. Meyer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $575/hour

    Donald D. Gamburg . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$335/hour

    Robert J. Wood. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $340/hour

    James Holbrook . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250/hour

    Julie Fairchild (paralegal) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$170/hour.

LaDue argues that Messrs. Meyer and Gamburg's hourly rates are excessive and should be reduced

to that of Messrs. Wood and Holbrook. The court disagrees. Mr. Meyer has been practicing law since 1968. From the court's experience, it is not unreasonable for an attorney with Mr. Meyer's years of experience to bill at a rate of $575 per hour. Likewise, it is not unreasonable for an attorney such as Mr. Gamburg, who has been practicing law since 1996, to bill at a rate of $335 per hour. This point is highlighted by the fact that Mr. Wood, who has been practicing law since 1993, bills at a similar rate of $340 per hour. Accordingly, the court finds that the hourly rates submitted by the attorneys and paralegal are reasonable.

Accordingly, pursuant to the lodestar analysis, the attorneys' fees are as follows:

1. Richard S. Meyer – 3 hours × $575/hour = $1,725.00;

2. Donald D. Gamburg – 3.1 hours × $335/hour = $1,038.50;

3. Robert J. Wood – 1.5 hours × $340/hour = $510.00;

4. James Holbrook – 0.4 hours × $250/hour = $100.00; and

5. Julie Fairchild – 0.8 hours × $170/hour = $136.00.

The total lodestar amount is $3,509.50.

### B.   THE *JOHNSON* FACTORS

Although LaFrance references the *Johnson* factors, the reference is cursory. LaDue, however, did not object to the same. Accordingly, having considered LaFrance's request for the recovery of its attorneys' fees in light of the lodestar and the *Johnson* factors, the court hereby awards LaFrance its attorneys' fees in the amount of $3,509.50.[2]

---

[2] As noted above, the court previously granted LaFrance's request to recover the fees and costs which had been charged to LaFrance by its computer expert for his attendance at the office of LaFrance's counsel on September 1, 2006. LaFrance's computer expert, however, waived his fees and costs.

## **CONCLUSION**

Based on the foregoing, LaFrance Corporation's application for attorneys' fees associated with motion for contempt (docket entry #54) is **GRANTED IN PART**. LaFrance is awarded attorneys' fees in the amount of $3,509.50.

IT IS SO ORDERED.

**SIGNED this the 27th day of October, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE